(No. 2240—

A. C. McClurg & Company, a Corporation, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed September 13, 1934.*

Musgrave, Oppenheim, Price & Ewins, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claim is herein made for the sum of $111.40 for erroneous payment of franchise tax. No disagreement of facts appear in the record. Claimant is a corporation duly organized and existing under and by virtue of the laws of the State of Illinois, and under the provisions of the General Corporation Act filed its return in connection with the franchise tax to be paid to the State of Illinois for the year 1933 and received from the Secretary of State a statement in connection therewith showing that a franchise tax had been assessed against it upon a capitalization of $854,800.00, and that the tax assessed upon such valuation was $427.40. Claimant on the 22nd day of June, 1933 paid the Secretary of State the latter sum, but prior to said date, i. e., on June 21, 1933, the Secretary of State issued to claimant a corrected statement showing the franchise tax assessed against it for 1933 upon a capitalization of $632,000.00, with a tax assessed thereon in the sum of $316.00; that claimant's check of $427.40 was sent to the Secretary of State prior to the time claimant received the corrected statement issued by the Secretary of State; that the payment so made was deposited by the Secretary of State before receipt of notice from the claimant and before the latter could stop payment upon said

check. It further appears that the claimant, on June 30, 1933, requested a refund, but that due to the fact that the check had been already credited to the Secretary of State's office, no refund has been made by same. The Secretary of State's office has approved a stipulation in accordance with the above facts and for a refund of $111.40. It therefore appears that an over-payment of $111.40 has been made. Under the holdings that where a franchise tax has been paid for a taxable year on one capitalization and before such year begins the capitalization has been reduced by an amendment of its charter, an award may be made for the difference between the amount paid and the amount which would have been due under the amended charter, and an order for a refund of said amount should be made.

An award is therefore allowed in favor of claimant in the sum of One Hundred Eleven and 40/100 Dollars ($111.40).